cc: USA, USM, PO, PTS, DJ, DJ sekm Deft's Atty

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 2 0 2006

at _11_ o'clock and _18_ min. _A_ M
SUE BEITIA, CLERK

| | |
|---|---|
| HUI MALAMA I KOHOLA; et al., <br><br>Plaintiffs - Appellants, <br><br>V. <br><br>NATIONAL MARINE FISHERIES SERVICE; et al., <br><br>Defendants - Appellees, <br><br>HAWAII LONGLINE ASSOCIATION, <br><br>Defendant-intervenor - Appellee. | No. 04-16053 <br> D.C. No. CV-03-00633-SPK <br><br> **JUDGMENT** |

Appeal from the United States District Court for the District of Hawaii (Honolulu).

On consideration whereof, it is now here ordered and adjudged by this Court, that the case **is REMANDED** with instructions to VACATE and to DISMISS.

Filed and entered 11/22/05

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

JAN 17 2006

Deputy Clerk

**FILED**

**NOT FOR PUBLICATION**

NOV 22 2005

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUI MALAMA I KOHOLA; et al., | No. 04-16053 |
| Plaintiffs - Appellants, | D.C. No. CV-03-00633-SPK |
| v. | |
| NATIONAL MARINE FISHERIES SERVICE; et al., | ORDER* |
| Defendants - Appellees, | |
| HAWAII LONGLINE ASSOCIATION, | |
| Defendant-Intervenor - Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Samuel P. King, Senior Judge, Presiding

Submitted November 17, 2005**
Honolulu, Hawaii

Before: HAWKINS, McKEOWN, and CLIFTON, Circuit Judges.

---

\*   This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

\**  This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

This appeal has become moot.[1] We remand to the district court with instructions to vacate its earlier decision and to dismiss the case.

At issue is the 2003 decision of the National Marine Fisheries Service ("NMFS") to classify the Hawaii Swordfish, Tuna, Billfish, Mahi Mahi, Wahoo and Oceanic Sharks Longline/Setline Fishery (the "Fishery") as a Category III fishery under the Marine Mammal Protection Act ("MMPA"). However, while this appeal was pending, NMFS issued a new List of Fisheries, reclassifying the fishery as Category I, thus effectively granting appellants the relief sought and rendering their claim for injunctive relief moot. American Rivers v. Nat'l Marine Fisheries Serv., 126 F.3d 1118, 1123 (9th Cir. 1997).

This is not a case that is "capable of repetition, yet evading review." Id. Although NMFS must annually re-evaluate the List of Fisheries, there is no "reasonable expectation that the plaintiffs will be subjected to the same action again." Id. at 1124. Rather, the factual underpinnings of this suit have changed in a way such that the basis for the dispute is not likely to recur. NMFS's 2003 decision to maintain

---

[1] Although a motions panel previously denied appellants' motion to voluntarily dismiss the appeal, "'rulings on jurisdictional issues do not bind a merits panel' of this Court," Phelps v. Alameda, 366 F.3d 722, 728 n.6 (9th Cir. 2004) (quoting Hiivala v. Wood, 195 F.3d 1098, 1104 (9th Cir. 1999)), and we maintain an "independent duty to decide whether we have jurisdiction." United States v. Houser, 804 F.2d 565, 568 (9th Cir. 1986) (citation omitted).

2

the Fishery's classification as Category III was based largely on its determination that the available data, particularly with respect to stock population, was underinclusive and too unreliable to merit a Category I classification. Following a new, comprehensive abundance survey, resulting in figures that NMFS has expressly found to be reliable, NMFS reclassified the Fishery as Category I. There is, therefore, no reasonable expectation of repetition. See Idaho Dep't of Fish & Game v. Nat'l Marine Fisheries Serv., 56 F.3d 1071, 1075 (9th Cir. 1995) (holding there is no reasonable expectation of repetition when agency would be relying on a new biological opinion); Ramsey v. Kantor, 96 F.3d 434, 446 (9th Cir. 1996) (holding there is no reasonable expectation of repetition if agency will be basing its rulings on different criteria or factors in the future).[2]

We therefore vacate the district court's decision and remand to the district court with instructions to dismiss. See Arizonans for Official English v. Arizona, 520 U.S. 43, 71-72 (1997); Idaho Dep't of Fish & Game, 56 F.3d at 1075.

---

[2] We note that the "voluntary cessation" exception to mootness does not apply in this case either. Although NMFS voluntarily reclassified the Fishery to Category I during this appeal, the action was not taken because of the litigation, but because of events outside the litigation, namely the availability of new and more reliable stock abundance data and the MMPA's requirement that NMFS issue an annual classification. See Sze v. INS, 153 F.3d 1005, 1008 (9th Cir. 1998).

3

REMANDED with instructions to VACATE and to DISMISS. Each party shall bear its own costs.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

JAN 17 2006

by *[signature]*
Deputy Clerk